UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
FARIDEH TABAEI,

                                                             11 CV 2013 (JSR)
                           Plaintiff,             (ECF Case)

     -against-

NEW YORK CITY HEALTH AND HOSPITALS       MEMORANDUM OF LAW
CORPORATION, a municipal corporation,          IN SUPPORT OF PLAINTIFF'S
CITY OF NEW YORK, a municipality,                IN LIMINE MOTIONS
ALAN AVILES, NORMAN DION,
JAMES LIPTACK, LISA LEE, JERRY CLARK,
MATTHEW BOGDANES, ERIC SIEDEL, and
DEBORAH HICKEY, in their individual and
official capacities,

                                    Defendants.
-------------------------------------------------------------------

        Plaintiff Farideh Tabaei respectfully submits this memorandum of law in support of her in limine motion to exclude evidence and testimony at the trial of this action.

        The only seriously contested issues in this case are whether Defendants initiated the prosecution against Plaintiff within the meaning of the law, whether there was probable cause supporting the Official Misconduct charges relating to Plaintiff's purchases of personal items from SMC Stone and Arenson Office Furnishings, whether Defendants' acted with malice and Plaintiff's damages.

        Yet, based on Defendants' pretrial disclosures, it appears that Defendants want the trial to be a referendum on Ms. Tabaei's conduct over the 22 years she worked at Bellevue.   Of the 22 witnesses Defendants have identified other than themselves, it appears that only five witnesses have anything to say about the relevant issues in the case.   Similarly, few, if any, of the exhibits identified by Defendants are relevant to the issues in the case.

The only purpose of these extraneous witnesses and other exhibits is to attempt to prove other alleged misconduct on the part of Ms. Tabaei.  But given that applicable law requires Defendants to have probable cause for the charges for which Plaintiff was prosecuted, making evidence of other alleged misconduct irrelevant (as well as unfairly prejudicial), and furthermore, that the probable cause determination is limited to an examination of the facts known to the Defendants, the testimony of the great majority of Defendant's proposed witnesses and exhibits should be excluded.

Defendants also apparently seek to introduce evidence relating to the grand jury proceedings that resulted in the indictment of Ms. Tabaei and the decisions of the New York County District Attorney's office ("DA's Office") with respect to the criminal case.  As a result of the Court's decision on summary judgment that misconduct in the grand jury rebuts any inference of probable cause from the indictment, and the Second Circuit's decision in *Cameron v. City of New York*, 598 F.3d 50 (2d Cir. N.Y. 2010), this evidence is inadmissible.

## ARGUMENT

I.  Evidence of Ms. Tabaei's Alleged Misconduct Other Than That Charged In The Criminal Proceeding Should Be Excluded.

In this action, Plaintiff asserts claims of malicious prosecution and false arrest arising out of Defendants' active conduct in convincing the DA's Office to seek an indictment of Plaintiff for two counts of Official Misconduct for her alleged violation of HHC regulations resulting from her purchases of personal items from two HHC vendors: Arenson Office Furnishings and SMC Stone ("criminal charges").

The only contested liability issues in the case are whether Defendants' initiated the prosecution and the arrest, whether there was probable cause for the prosecution and arrest on these charges, whether Defendants acted with malice and Plaintiff's damages.

Under Second Circuit malicious prosecution law, it is irrelevant whether there was probable cause to prosecute the plaintiff for an offense other than the offense prosecuted. See *D'Angelo v. Kirschner*, 2008 U.S. App. LEXIS 15482,*8 (2d Cir. 2008)("probable cause to arrest as to one charge does not necessarily defeat a claim of malicious prosecution as to other criminal charges that were resolved in the plaintiff's favor); *Janetka v. Dabe*, 892 F.2d 187,190 (2d Cir. N.Y. 1989)(reversing dismissal of malicious prosecution claim where there was no probable cause on one of two charges). Moreover, in determining whether there was probable cause for the offense charged, the inquiry is confined to the "facts then known to the defendant or which he reasonably believed from appearances to be true." *Lenhard v. Dinallo*, 2011 U.S. Dist. LEXIS 112519,*25 (N.D.N.Y Sept. 30, 2011). *See also Dallas v. Goldberg*, 143 F. Supp. 2d 312, 317 (S.D.N.Y. 2001)("[e]vidence of which the arresting officer had no knowledge at the time the challenged arrest occurred is clearly irrelevant to a determination of whether the officer had probable cause to make the arrest.").

Accordingly, evidence related to other misconduct by Plaintiff, and even evidence of the charged misconduct that was not known to Defendants at the time they initiated the prosecution of Plaintiff, is not relevant. *Cf Edwards v. City of New York*, 2011 U.S. Dist. LEXIS 75300,*9 (E.D.N.Y. July 13, 2011)(excluding evidence of a plaintiff's other arrests).

Based on these principles, the following evidence should be excluded:

A. Evidence relating to Plaintiff's case or disposition before the New York City Conflict of Interest Board ("NYC COIB") including the testimony of Carolyn Miller and Defendants' Proposed Exhibits C and D;

Ms. Miller is an official with the NYC COIB. Apparently, Defendants will call her to testify and introduce the referenced exhibits to establish that Plaintiff admitted to two violations of COIB regulations relating to her use of stationary that referred to her official position for personal business and her request that a colleague use his professional engineer's stamp to stamp plans related to a repair to her residence.

This evidence is not relevant to whether there was probable cause for the criminal charges and to the extent there was any marginal relevance, the evidence should be excluded pursuant to Rule 403 insofar as any probative value would be outweighed by the risk of unfair prejudice and pursuant to Rule 404 as other bad act evidence.

  B. Evidence relating to Carlos Perez, including evidence relating to his COIB proceedings specifically Defendants' Proposed Exhibit E;

Carlos Perez was the former Executive Director at Bellevue Hospital and one of Ms. Tabaei's supervisors. Mr. Perez pled guilty to criminal charges and COIB violations unrelated to the criminal charges against Ms. Tabaei. Although Defendants have identified as an exhibit documents related to the COIB disposition involving Mr. Perez, evidence regarding the misconduct of another person should be excluded as not relevant and obviously unfairly prejudicial.

  C. Evidence relating to Plaintiff's conduct while employed at the New York City Health and Hospitals Corporation ("HHC"), other than conduct relating to Plaintiff's purchases of goods from SMC Stone and Arenson Office Furnishings and further limiting such evidence to evidence relating to the Defendants' knowledge relating to that conduct including the testimony of Joseph Altman, Bill LeComples, Josephine Betancourt, Maridza Molina, Tracy Green, Glenn Russo, Indrijit Shah, Ndbuisi Ibeh, Michael Nover, Danny" Man Lung Tang; Thomas Lee, Dan Novack, Carlos G. Checo, Freddie Provenzano; and Michael Nowak and Defendants' Proposed Exhibits B,C,D,F,G,H,I,J,K[1],O,P,Q,R.S,T (except for

---

[1] Defendants Proposed Exhibit K includes two grand jury exhibits: one related to SMC Stone

4

>documents related to SMC and Arenson purchases),U,V,W,X,Y.Z,AA (except for portion related to SMC Stone purchases, BB,CC,DD,EE,FF,GG,HH,II,JJ,KK,LL (except for any portion related to SMC Stone purchases).

Defendants seek to elicit this evidence of instances of alleged misconduct by Ms. Tabaei other than the criminal charges.   As set forth above, even if this evidence indicated probable cause that Ms. Tabaei committed other crimes, it is not relevant to whether there was probable cause for the crimes she was charged with and therefore not relevant to the case.   Moreover, to the extent that Defendants' seek to introduce evidence that does relate to SMC Stone and Arenson, it should be limited to the evidence that was known to Defendants prior to or at the time they were requesting that the DA's Office prosecute Plaintiff.

II.     The Court Should Exclude Evidence of the 2009 Grand Jury Proceeding, Evidence Relating To The Decision Of The DA's Office To Pursue The Indictment Of Ms. Tabaei And/Or Evidence Relating To The Opinion Of DA's Office Personnel About Whether There Was Probable Cause.

In the Court's summary judgment opinion, the Court held that based on the misconduct of Assistant District Attorney Bogdanos, Plaintiff had "rebutt[ed] any presumption that the grand jury's determination of probable cause is binding on the trial jury that will hear this case."[2]

Given the Court's decision, the grand jury proceedings are not relevant to this trial. Certainly the fact that there was an indictment is not relevant as the trial jury must make an independent determination or probable cause that should not be affected by the grand jury's decision. Moreover, given that the probable cause issue must be determined based on the facts known to the Defendants at the time they pressured the DA's Office, which was before the 2009

---

and one related to another company, Culver. Plaintiff only seeks exclusion of the Culver documents.
[2]  Memorandum Opinion, November 13, 2012 at 18.

grand jury proceedings, anything that happened in the grand jury could not have created probable cause and therefore cannot be relevant.

Finally, the Court should exclude evidence relating to the decision of the D.A.'s office to pursue charges against Plaintiff and any evidence relating to an opinion on the part of DA's Office personnel about probable cause.

In *Cameron v. City of New York*, 598 F.3d 50 (2d Cir. N.Y. 2010), the Second Circuit reversed and ordered a new trial where the trial court had permitted the Corporation Counsel's office to elicit evidence from assistant district attorneys that the defendant police officers had not encouraged the district attorney's office to prosecute the plaintiffs, that the district attorney's office had decided to prosecute the plaintiffs, that the district attorney's office would not have prosecuted plaintiffs if there were no probable cause, and that there was probable cause for plaintiff's arrest. Id. at 57-58.   The Second Circuit held that the admission of the testimony concerning the district attorney's role in initiating the prosecution was error because the actions of the prosecutor did not attenuate the officers' causal responsibility for the prosecution:

> Even if the intervening decision-maker (such as a prosecutor, grand jury, or judge) is not misled or coerced, it is not readily apparent why the chain of causation should be considered broken where the initial wrongdoer can reasonably foresee that his misconduct will contribute to an 'independent' decision that results in a deprivation of liberty."

Id. at 64 (quoting *Zahrey v. Coffey*, 221 F.3d 342, 352 (2d Cir. 2000)).

The Second Circuit held that admission of the prosecutor's statements concerning probable cause constituted impermissible vouching and were irrelevant. Id. at 64-65.   *See also Zomber v. Vill. of Garden City*, 2011 U.S. Dist. LEXIS 115856,*6 (E.D.N.Y. Oct. 6, 2011)(granting in limine motion to exclude prosecutor testimony in malicious prosecution case).

6

Based on *Cameron*, the Court should exclude evidence relating to the D.A's Office's role in initiating the prosecution against Plaintiff. As in *Cameron*, the Defendants here are responsible for bringing a case, for which there was no probable cause, to the DA's Office. Moreover, unlike the defendants in *Cameron*, Defendants did exert pressure on the DA's Office to prosecute Plaintiff. Defendants could, accordingly, "reasonably foresee that [their] misconduct [would] contribute to an 'independent' decision that results in a deprivation of liberty," and the the actions of the DA's Office cannot break "the chain of causation" between Defendants' conduct and the prosecution of Plaintiff.

Even of the Court introduces some evidence relating to the DA's decision to bring charges, it should, based on *Cameron*, exclude any evidence regarding whether there was probable cause to prosecute Plaintiff.

## CONCLUSION

The Court should grant the relief requested.

Dated:   December 18, 2012
         New York, New York

                              Respectfully submitted:

                              GISKAN SOLOTAROFF ANDERSON
                              & STEWART LLP

By:   /s
                              _____
                              Jason L. Solotaroff
                              O. Iliana Konidaris
                              11 Broadway, Suite 2150
                              New York, N.Y. 10004

                              Attorneys for Plaintiff